IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Warren J. Adair, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>City of Goose Creek, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 2:22-cv-539-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Warren J. Adair's ("Plaintiff") complaint against Defendant City of Goose Creek ("Defendant"), alleging claims of discrimination, hostile work environment, and retaliation in violation of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA").[1] On November 22, 2022, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Thereafter, Plaintiff filed a response in opposition to Defendant's motion, and Defendant filed a reply. (*See* ECF Nos. 20, 27, and 30.)

On May 19, 2023, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for summary judgment and dismiss this case in full. (ECF No. 31.) Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a response to Plaintiff's objections. (ECF Nos. 32 and 33.) For the reasons set forth

---

[1] As the Magistrate Judge noted, Plaintiff's complaint also mentions retaliation under Title VII of the Civil Rights Act of 1964, but none of the facts alleged in the complaint support such a claim, as Plaintiff does not allege that he was discriminated against based on his race, sex, religion, or national origin. Furthermore, neither party addresses any Title VII claim in their briefs.

below, the Court adopts the Magistrate Judge's Report and grants Defendant's motion for summary judgment.

## **STANDARDS OF REVIEW**

### I.   **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.   **Summary Judgment**

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

As an initial matter, the Court notes that the Magistrate Judge's Report sets forth the relevant factual background and evidence of record in great detail. Plaintiff objects that the Magistrate Judge "relied on the Defendant's interpretation of the [f]acts" and failed to present the facts in the light most favorable to Plaintiff by failing to consider that Plaintiff was an exemplary employee throughout his employment for the last seven years. (ECF No. 32 at 5.) After review, the Court finds Plaintiff's objection unavailing and finds that the Magistrate Judge accurately summarized the facts in accordance with Rule 56. First, even though the Magistrate Judge did not specifically mention the scores from Plaintiff's yearly evaluations in 2017, 2018, and 2019, (*see* ECF No. 32, copied from ECF No. 27 at 7-8) the Magistrate Judge clearly explained that [t]hroughout his employment with Defendant, Plaintiff progressed through the rankings" and that following two disciplinary issues in 2013, "Plaintiff worked for Defendant without incident for the next several years." (ECF No. 31 at 2-3.) Furthermore, these performance reviews occurred before the events of June and July 2020, for which Defendant asserts it terminated Plaintiff.

Plaintiff also complains that the Magistrate Judge failed to consider the challenging considerations of Covid, but Plaintiff's memorandum in opposition to Defendant's motion for summary judgment only mentions Covid one time, when Plaintiff states that he was diagnosed with Covid and was unable to obtain fingerprints to renew his certification. (ECF No. 27 at 9.) Importantly, as the Magistrate Judge noted, Plaintiff did not merely fail to renew his license (even if the failure was due to Covid); rather, "Plaintiff did not inform Defendant about the lapse in his license, placing Defendant in jeopardy of violating South Carolina law . . . ." (ECF No. 31 at 8.) Thus, the Court finds that the Magistrate Judge's

failure to mention Covid does not alter the ultimate analysis. Overall, and after a thorough review of the evidence of record, the Court finds no error in the Magistrate Judge's recitation of the facts and the Court adopts this portion of the Report and repeats herein only what is necessary to evaluate the remainder of Plaintiff's objections.

Next, Plaintiff objects on several occasions that genuine issues of material fact preclude the Court from granting summary judgment. For example, Plaintiff states that "[e]ach of the Plaintiff's claims clearly presents a genuine issue of material fact due to the veracity of witnesses and the changes in testimony," but Plaintiff does not allege which witnesses changed their testimony. (ECF No. 32 at 5.) Plaintiff also asserts that there is a question of fact as to whether he received email reminders that his certification was going to expire, but Plaintiff admitted at his deposition that he received the September 24th email. (ECF No. 20-2 at 9.) Furthermore, there is no question that Plaintiff's certification expired before it was renewed. (*See id.* at 10.)

Plaintiff next contends that arrangements were made for Luzzi, an alleged comparator, and that he witnessed the accommodations made for Lightner, another alleged comparator. But even accepting Plaintiff's allegations as true, they ignore the fact that there is no evidence that either Luzzi or Lightner had the same disciplinary history as Plaintiff or were on probation like Plaintiff was at the time their licenses allegedly expired.

Plaintiff further contends that "the fact that others were permitted to work with no discipline creates a genuine issue of material fact for a jury to consider," and Plaintiff asserts that the Magistrate Judge "failed to consider the facts of Plaintiff's termination and the Defendant's failure to terminate others." (ECF No. 32 at 9.) Plaintiff also objects that "[a]n issue of fact exists regarding the Plaintiff's retaliation claim" because he clearly

complained on several occasions. (*Id.*) Here again, the Court finds these objections unavailing for the following reasons.

First, after de novo review, the Court fully agrees with the Magistrate Judge that Plaintiff cannot establish the fourth prong of a *prima facie* claim under the ADEA. In other words, the Court agrees with the Magistrate Judge that there is no genuine issue of material fact as to whether Plaintiff was replaced with or treated more favorably than someone younger than him. Moreover, even if Plaintiff could establish the fourth prong of a *prima facie* claim under the ADEA, he still cannot show that Defendant's proffered reasons for terminating him are pretextual. Stated plainly, it is clear to this Court that no reasonable juror could conclude that Plaintiff would not have been terminated *but for* his age.

Likewise, the record contains no evidence of alleged harassment related to Plaintiff's age, and nowhere does Plaintiff argue that Defendant retaliated against him based on his age. Accordingly, the Court finds that Defendant is entitled to summary judgment on Plaintiff's ADEA claims of discrimination, hostile work environment, and retaliation for the reasons set forth herein and in the Report.

Next, after de novo review, the Court also agrees with the Magistrate Judge that there is no genuine issue of material fact as to whether the circumstances of Plaintiff's discharge raise a reasonable inference of unlawful discrimination under the ADA. Nor is there a genuine issue of material fact as to whether Defendant's proffered reasons for terminating Plaintiff were pretextual, and Defendant is entitled to summary judgment on Plaintiff's ADA discrimination claim.

As to Plaintiff's hostile work environment claim under the ADA, even accepting as

true all of Plaintiff's allegations regarding commentary about his knee problem, the Court again agrees with the Magistrate Judge that these allegations simply do not rise to the level of a hostile work environment claim. *Jessup v. Barnes Grp., Inc.*, 23 F.4th 360, 368 (4th Cir. 2022). Thus, for the reasons set forth by the Magistrate Judge, the Court finds that Defendant is entitled to summary judgment on Plaintiff's hostile work environment claim under the ADA.

Finally, the Court also agrees with the Magistrate Judge that Plaintiff's ADA retaliation claim fails for the same reason that his discrimination claims fail. As the Magistrate Judge properly explained, even assuming that Plaintiff can make a *prima facie* showing of retaliation, Defendant has offered legitimate, nondiscriminatory, and nonretaliatory reasons for Plaintiff's termination, and Plaintiff has not pointed to any evidence that creates a genuine issue of material fact as to whether Defendant's reasons are pretextual in nature. As such, Defendant is entitled to summary judgment on Plaintiff's ADA retaliation claim.

## **CONCLUSION**

In conclusion, the Court finds that the Magistrate Judge accurately summarized the facts and evidence of record and applied the correct principles of law, and the Court finds no merit to Plaintiff's objections. Therefore, the Court adopts in full and specifically incorporates the Magistrate Judge's Report (ECF No. 31); the Court overrules Plaintiff's objections (ECF No. 32); and the Court grants Defendant's motion for summary judgment (ECF No. 20) and dismisses this action in full.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 7, 2023
Charleston, South Carolina